[No. 5185.   Decided February 27, 1905.]

RICHARD HAYNES, *Respondent,* v. C. F. GAY, *et al.,*
*Appellants.*[1]

BILLS AND NOTES—USURY—BONA FIDE PURCHASER—AGENT'S KNOWLEDGE—EVIDENCE—SUFFICIENCY. Where the defense of usury is interposed to a note secured by chattel mortgage, valid on its face, and purchased by the agent of plaintiff, who claims as an innocent purchaser, the burden of proof being upon the defendants, it is not sufficient evidence of knowledge on the part of the agent of the usurious character of the note that he instituted a statutory foreclosure in the name of the payee as plaintiff, and only subsituted the plaintiff as the party in interest upon the defendants' bringing the foreclosure into court; since the knowledge of the payee was not knowledge of the agent, and making the payee plaintiff might have been through a misconception of the law, and was not necessarily a suspicious circumstance.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 24, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, decreeing the foreclosure of a chattel mortgage.   Affirmed.

*L. H. Prather,* for appellants.

*James Hopkins,* for respondent.

1Reported in 79 Pac. 794.

PER CURIAM.—This was an action by Richard Haynes, as assignee of V. L. Harvey, to foreclose a chattel mortgage, given to secure a certain promissory note. The answer of the defendants admitted the execution of the note, but, as an affirmative defense, alleged that the note was tainted with usury, in that it was given partly in payment of usurious interest, and the usurious character of the note was fully set out. It was also alleged that the plaintiff purchased said note with full knowledge of its usurious character. The lower court found for the plaintiff, and rendered judgment accordingly. Defendants appeal.

The note is an ordinary negotiable note, and contains nothing on its face to indicate its character. The note was undoubtedly usurious, but the only question proper for us to consider is, was the plaintiff an innocent purchaser without notice of its true character? Haynes was a resident of California, and personally knew nothing about the note, but the note was purchased for him by his agent, James Hopkins, and it must be conceded that, if the agent Hopkins knew the character of the note when he purchased it, that would be notice to his principal. The record discloses that James Hopkins brought proceedings originally as attorney for V. L. Harvey, to foreclose the mortgage, under the summary provision of the statute providing for the foreclosure of a mortgage out of court. The appellants applied for and secured an order to bring the action into the superior court. The burden of proof was upon the appellants to show that Hopkins knew of the usurious character of the note, and the appellants asked the superior court to find that the plaintiff had notice of its true character, from the alleged suspicious circumstance that, when the case was brought into the superior court, Mr. Hopkins asked permission to substitute Mr. Haynes as the real party in interest, while the testimony shows

that Mr. Hopkins bought the note before his attempt to foreclose by notice and sale. This may have been a suspicious circumstance, or it may not. Mr. Hopkins may have originally had a misconception of the law with reference to the necessity of making Mr. Haynes the plaintiff in his proceedings to foreclose the mortgage. Knowledge of the usurious character of the note in Mr. Harvey was not necessarily knowledge in Mr. Hopkins, and, there seeming to be no other evidence in the record tending to show knowledge on the part of Mr. Hopkins, we are of the opinion that the lower court correctly found for the plaintiff.

Judgment affirmed.